F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN LOUIS JACOBS,

Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

Respondents-Appellees.

No. 06-2130

(D.C. No. CIV-05-1183 BB/WPL)

(D. New Mex.)

**ORDER**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Appellant is a state prisoner, appearing pro se, who seeks habeas relief pursuant to 28 U.S.C. § 2254. On February 21, 1992, Appellant entered a no-contest plea to the felony offense of receiving stolen property. The state court gave him an eighteen-month suspended sentence. On July 29, 1992, Appellant pleaded guilty to possession of a firearm by a felon, receiving stolen property, and conspiracy to commit forgery. He was sentenced to a total of three years' imprisonment for these offenses. His earlier eighteen-month sentence was set to run concurrently with his three-year sentence for the later convictions.

In October 1994, Appellant was released from prison. Three days later he

killed a high school student. In 1996, he was convicted of murder, kidnaping, attempted sexual penetration, and several related offenses. He was sentenced to life imprisonment plus 69.5 years. Appellant has filed several appeals and petitions in both state and federal court.

He appeals to this court challenging his 1996 sentence on the ground that his 1992 convictions were invalid. Appellant has argued previously in related, nevertheless distinct, petitions that he was not a felon when he allegedly committed his 1992 offense of felon in possession of a firearm because he had not then been sentenced for his earlier 1992 stolen property offense. This argument was rejected by a state judge and a federal magistrate judge. *See* Proposed Findings and Recommended Disposition, 2 (D.N.M. Mar. 10, 2006).

The magistrate judge, who construed Appellant's arguments generously, recommended that Appellant's 1992 convictions could no longer be open to direct or collateral attack because the time to bring a habeas petition had expired. *Id*. at 5. We agree. In addition, the district court found that even if Appellant could demonstrate his entitlement to equitable tolling, "his Fifth Amendment claim fails because the right to grand jury indictment does not apply to state prosecutions." Order Adopting Magistrate Judge's Proposed Findings And Recommended Disposition, 1 (D.N.M. Apr. 7, 2006) (citing *Aldridge v. Marshall*, 765 F.2d 63, 68 (6th Cir. 1985). The district judge also determined that his ineffective assistance of counsel claim and his demand for an evidentiary hearing were

without merit. *Id*. at 1-2.

Appellant now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the magistrate judge's recommendations, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its order of April 7, 2006, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id*.

Accordingly, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. Appellant's motion for appointment of counsel is denied.

Entered for the Court

Monroe G. McKay
Circuit Judge